UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGG RICHARDSON, individually
and on behalf of all others similarly
situated

       Plaintiff,

v.                                             Case No: 2:16-cv-656-FtM-99CM

THOROUGHBRED RESEARCH
GROUP, INC.,

       Defendant.

## ORDER

This matter comes before the Court upon review of the Joint Motion for Status Conference (Doc. 26) filed on June 5, 2017. For the reasons discussed below, the motion is due to be denied.

By way of background, on August 26, 2016, Plaintiff filed a Complaint pursuant to the Telephone Consumer Protection Act. Doc. 1. On November 18, 2016, the Court issued a Case Management and Scheduling Order ("CMSO") setting forth various case deadlines, including a mediation deadline of May 12, 2017, discovery deadline of June 12, 2017, and a trial term for November 6, 2017. Doc. 22 at 1-2. The parties recently requested, and the Court granted, an extension of their mediation and discovery deadlines by sixty days due to defense counsel's inability to contact Defendant's corporate representative. Docs. 24, 25. Specifically, defense counsel stated that over the course of several weeks, members of his firm attempted to communicate with Defendant's corporate representative via telephone, email and

writing without success or reply.  Doc. 24 at 2.  Due to the inability to communicate with Defendant's corporate representative, the parties were unable to complete mediation and discovery within the deadlines set by the Court.  *Id.*

In the instant motion, defense counsel informs the Court that he has made a diligent effort to contact his client's corporate representative but has been unsuccessful as of the time of filing the instant motion.  Doc. 26 at 1.  Counsel also has been unable to contact any other employee of Defendant.  *Id.* at 2.  The parties request a status conference, although they do not state the purpose of this conference.  *See* Doc. 26.  It appears to the Court that the parties seek guidance on how to proceed given defense counsel's inability to contact his client.

Upon review of the motion and the entire file, the Court finds that a status conference is unnecessary.  If defense counsel has exhausted all reasonable options to locate and contact his client's corporate representative and other employees of his client, the Court cannot assist him in that respect, except that counsel may move to withdraw from representation.  *Albertie v. Words To Works Ministries, Inc.*, No. 3:12-CV-923-J-34JBT, 2014 WL 12625968, at *1 (M.D. Fla. Feb. 6, 2014) ("Complete lack of communication with a client for an extended period of time, despite counsel's numerous attempts to contact the client through a variety of methods, provides sufficient grounds for withdrawal from representation.").

According to Local Rule 2.03(e), however, a corporation may only appear and be heard through counsel admitted to practice in the Court pursuant to Local Rules 2.01 or 2.02.  "The rule is well established that a corporation is an artificial entity

that can act only through agents, cannot appear *pro se,* and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (citations omitted); *see also Obermaier*, 2000 WL 33175446, at *1 ("A corporation can never appear *pro se.*"). As a result, if Defendant wishes to continue litigating this case, it must do so through representation of counsel. *See Thomas v. Smith, Dean & Assocs., Inc.,* No. 8:10-CV-1444-T-33EAJ, 2013 WL 646179, at *2 (M.D. Fla. Feb. 21, 2013) (holding that the corporation without attorney representation must secure new counsel if it intends to continue to litigate the case). Accordingly, it would be prudent for Defendant to communicate with his counsel, or to promptly retain new counsel if it no longer desires current counsel's further representation. Failure to diligently defend this action and abide by the Court's case deadlines may result in the imposition of sanctions.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Joint Motion for Status Conference (Doc. 26) is **DENIED**.
2. Defendant's counsel is directed to mail a copy of this Order to his client.

**DONE** and **ORDERED** in Fort Myers, Florida on this 12th day of June, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record