UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGG RICHARDSON,
individually, and on behalf
of others similarly situated,

      Plaintiff,

                                          **Case No.: 2:16-cv-656-FtM-28-CM**

v.

THOROUGHBRED RESEARCH
GROUP, INC.,

      Defendant.
_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH SUPPORTING MEMORANDUM OF LAW

COMES NOW, Defendant, THOROUGHBRED RESEARCH GROUP, INC., (hereinafter "TRG"), by and through its undersigned attorneys and, pursuant to Federal Rule of Civil Procedure 56, hereby files its Motion for Summary Judgment, and as grounds therefore would state:

Plaintiff filed the instant action on August 26, 2016, asserting that Defendant TRG violated section 47 U.S.C. § 227(b)(1)(A)(iii) of the federal Telephone Consumer Protection Act. See Pl.'s Compl. **[DE 1]**. Defendant now seeks final summary judgment.

### Statement of Undisputed Facts

1. The attempted telephone communications between the Plaintiff and the Defendant were manually dialed and not initiated by any telephone device deemed an ATDS by the FCC

2.    Defendant was conducting this Fee-For-Service (FFS) CAHPS survey on behalf of Impaq and CSS, who were working on behalf of CMS of the U.S. Government.

3.    The Defendant received the telephone number from CMS who received the number from the Plaintiff.

## **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)(1)(A)). Where the non-moving party bears the burden of proof on an issue at trial, the movant may simply "[point] out to the district court that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

After the movant has met its burden under Rule 56(c), the burden shifts to the non-moving party to establish that there is a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585 (1986). Although all reasonable inferences are to be drawn in favor of the non-moving party, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), he may not rest upon the mere allegations or denials of the adverse party's pleadings.  Rather, he must come forward with "specific facts showing that there is a *genuine issue for trial*." Id. at 587 (citing Fed. R. Civ. P. 56(e)). "A mere 'scintilla'

of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." <u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11th Cir. 1990). If the non-moving party fails to make a sufficient showing on an essential element of his case on which he has the burden of proof, the moving party is entitled to a judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)

TRG is not liable to the Plaintiff under the TCPA for three reasons (1) the attempted communication was not dialed using an automatic telephone dialing system (ATDS) but rather manually dialed through sufficient human intervention in the dialing process; (2) TRG is a government contractor, employed to conduct survey calls for CMS an thus entitled to the FCC's exemption from the TCPA; (3) the communications were authorized y prior express consent as the telephone contact number was provided by the plaintiff during the transaction in which the business relationship was created.

### I.  Manually Dialed Calls are Not Subject to TCPA

Plaintiff filed this alleged class action alleging that TRG violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* by calling his cellular telephone with an automated dialer and without prior express consent.  Discovery has now closed, and with the record closed, there is not one scintilla of evidence that the calls placed by TRG were made with an automated dialer or any other equipment subject to the TCPA.  The reason for this omission is plain and simple – the call(s) made by TRG to Plaintiff and any other wireless or cellular number are manually dialed, a system specifically designed to comply with the requirements of the TCPA by expressly avoiding any automated or predictive functionality, and requiring human intervention for each and every call to a known

cellular number.  As relevant here, the TCPA only regulates and limits the ability to call cellular telephones with an "automatic telephone dialing system" (ATDS).  The statute cares not for non-automated calls, and does not require consent to call cellular telephones in a non-automated way.  Plaintiff has not established, and cannot establish, a *prima facie* case under the TCPA because the calls he received from TRG were not made with an ATDS or in any automated fashion.  Because all of the calls from TRG were made *with* human intervention *not* through the use of an ATDS or prerecorded or automated voice, Plaintiff's TCPA claim necessarily fails as a matter of law, and TRG is entitled to summary judgment.

### A.   Plaintiff's TCPA Claim Fails as a Matter of Law Because TRG Did Not Place Any Calls Using an ATDS

TRG cannot be liable, as a matter of law, under the TCPA because there is no evidence that TRG was utilizing a device which constitutes an "automatic telephone dialing system" as defined by the TCPA when calling Plaintiff's cellular telephone.  In fact, the system used by TRG had no predictive functionality, and could not make an automated call since call potential cellular or wireless numbers are loaded into a completely different call system and are manually dialed using human's actually dialing the numbers.  In this case, Plaintiff has failed to come forth with <u>any</u> evidence demonstrating that the telephone equipment was an ATDS, a defect that standing alone would be fatal to his claim.  Lest there be any doubt, and highlighting the absolute lack of evidence supplied by Plaintiff, TRG has come forward with its own evidence, in the form of responses to Interrogatories and Request for Production of Documents directed to Plaintiffs' counsel. It is clear that there is no evidence that TRG system has neither the present nor future capacity to operate as an

autodialer.  There can be no reasonable dispute that the evidence in this case unequivocally establishes that Plaintiff was not called by an ATDS.

The relevant section of the TCPA provides:

 RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT

(1) PROHIBITIONS.- It shall be unlawful for any persons within the United States

(A) to make any call (other than a call . . .made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
. . .
(iii) to any telephone number assigned to a …cellular telephone service. . .

See 47 U.S.C. § 227(b)(1)(A)(iii).

In order to prevail on his TCPA claim, plaintiff must show TRG (1) called his cellular telephone, (2) using an automatic telephone dialing system, (3) for non-emergency purposes, (4) without prior express consent.  *See* 47 U.S.C. § 227(b)(1)(A)(iii); *see also Buslepp v. B&B Entertainment, LLC*, 2012 WL 4761509, *4 (S.D. Fla. 2012).  The term 'automatic telephone dialing system' is statutorily defined as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." *47 U.S.C.* § 227(a)(1).

As such, an essential element of Plaintiff's claim is showing that TRG made the telephone calls with an ATDS.  *Buslepp*, 2012 WL 4761509 at *4 ("[i]t is Plaintiff who must show, as an element of his claim, that Defendant used an ATDS.")  Plaintiff's claim will fail as a matter of law if he is unable to or fails to show that Stellar used an ATDS.  *See Gaza v. LTD Financial Services, L.P.*, 2015 WL 5009741 (M.D. Fla. Aug. 24, 2015) ("In sum,

Gaza's TCPA claims fail as a matter of law because he failed to establish a genuine issue for trial with respect to whether the calls were placed using an ATDS, a necessary element of his claims."); *Pace v. S. Ry. Sys.*, 701 F.2d 1383, 1391 (11th Cir. 1983) (failure to establish a *prima facie* case warrants summary judgment).  Here, Plaintiff's failure to introduce any evidence, through either lay or expert testimony, that the Defendant used an ATDS dooms his case.

This was the same result reached in *Buslepp*, where the Court denied plaintiff's motion for summary judgment because the only evidence plaintiff offered – plaintiff's own testimony that the defendant's telephone system could "simultaneously deliver hundreds of text messages at the click of a mouse" – was insufficient to actually establish the defendant used an ATDS as defined by the TCPA.  *Id*.

Here, like in *Buslepp*, Plaintiff has not presented any admissible evidence to conclude that an ATDS was used by TRG. In fact, the complete lack of evidence on a required element of the claim warrants entry of summary judgment in TRG's favor.

Several other courts have reached the same conclusion in TCPA cases when a plaintiff fails to establish that the calls were made with an ATDS.  *See, e.g, Tamburello v. Amazon Processing, LLC*., 2015 WL 3867003, *2 (M.D. Fla. 2015) (entering judgment in favor of defendant during a bench trial on a TCPA claim even after defendant admitted (1) calling plaintiff's cell phone, and (2) that it used an ATDS to call certain numbers, because plaintiff failed to offer any evidence that an ATDS was used by defendant to call the cellular telephone of plaintiff); *Legg v. Voice Media Group, Inc*., 20 F.Supp.2d 1370, 1376 (S.D. Fla. 2014) (denying plaintiff's motion for summary judgment because plaintiff failed to satisfy

his burden of showing that text messages were sent by an ATDS when plaintiff offered no evidence linking the defendant's automated systems with the messages that were sent to plaintiff); *Wilcox v. Green Tee Servicing, LLC*, 2015 WL 2092671, *5 (M.D. Fla. 2015) (denying summary judgment motion by plaintiff when plaintiff failed to produce sufficient evidence showing that the calls made by defendant were made by equipment that had "the capacity to dial numbers without human intervention.")  Without some evidence that TRG made calls through an ATDS, summary judgment must be entered in TRG's favor.

## II. TRG is Exempt from TCPA as a Government Contractor

Defendant was conducting this Fee-For-Service (FFS) CAHPS survey on behalf of Impaq and CSS, who were working on behalf of CMS of the U.S. Government.  Defendant was provided an initial list of 195,583 FFS members who were asked to participate. These were members who had not yet returned a mail version of the survey. If at any time during Defendant's survey calling period they returned a survey (or somehow contacted CSS in reference to being removed) then CSS provided that person's tracking number, so they could be removed from Defendant's dialing queue**.  [See Defendant's Response to Plaintiff's Interrogatory Number 3]**

In response to petitions filed by three government contractors seeking clarification that the federal government and its agents were exempt from liability under the Telephone Consumer Protection Act, the Federal Communications Commission issued a declaratory ruling on July 5, 2016 finding that the federal government is not a "person" as defined under the TCPA, and is therefore exempt from liability under the statute. The FCC also exempted agents of the federal government from the TCPA when (1) the call was placed pursuant to

authority that was "validly conferred" by the federal government; and (2) the agent complied with the federal government's instructions. The TCPA prohibits any "person" from placing autodialed or prerecorded calls without the prior express consent of the consumer. The TCPA defines "person" as an "individual, partnership, association, joint-stock company, trust, or corporation." The petitioners asked the FCC to clarify that the federal government and its agents are not included in the definition of "person" for purposes of the TCPA. The FCC granted all three petitions. It exempted the federal government and its agents for three reasons: (1) the federal government is not explicitly included in the definition of "person" under the TCPA; (2) the federal government exemption is supported by the Supreme Court decision in *Campbell-Ewald Co. v. Gomez*; and (3) imposing TCPA liability on the federal government would significantly constrain the government's ability to communicate with its citizens. The FCC found that there is a "longstanding interpretive presumption" that the word "person" excludes the federal government unless stated otherwise. Because the definition of "person" under the TCPA did not explicitly include the federal government, the FCC determined that Congress intended to exempt the federal government from liability under the TCPA. The FCC also clarified that this exemption applied to agents of the federal government, including private government contractors. However, the agency limited the scope of the exemption only to the federal government and did not expand its reach to the states or municipalities.

### III: Prior Express Consent

Finally, TRG is not liable to the Plaintiff under the TCPA because it is entitled to the TCPA's "prior express consent."  TRG received Plaintiff's subject telephone number from

the original source, CMS, and did not skip-trace or locate the number from any other third-party source.  The relevant section of the TCPA provides:

> It shall be unlawful for any persons within the United States . . .
>
> (A) to make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
> . . .
> (iii) to any telephone number assigned to a …cellular telephone service . . .

47  U.S.C. § 227(b)(1)(A)(iii).

### Prior Express Consent

TRG is entitled to summary judgment on Plaintiff's TCPA claim because the undisputed facts demonstrate that Plaintiff gave his *prior express consent* to call his cellular telephone by providing that number to CMS as a contact number.  Courts have uniformly held that a defendant to a TCPA claim can prove the called party gave "prior express consent" by showing that the called party provided his or her cellular telephone number to a creditor as part of a business transaction.[1]

---

[1] See *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110 (11th Cir. 2014); *Jones v. Stellar Recovery*, 2015 WL 2088793 (S.D. Florida 2015); *Osorio v. State Farm Bank, F.S.B.,* 859 F.Supp.2d 1326 (S.D. Fla. May 10, 2012) (cell number provided on credit card application); *Johnson v. Credit Protection Ass'n, L.P.,* 2012 WL 5875605, *4 (S.D. Fla. Nov. 20, 2012) (cell phone number given to cable provider); *Jordan v. ER Solutions, Inc.,* 2012 WL 5245385, *1 (S.D. Fla. Oct. 18, 2012) (number provided to retail store); *Cavero v. Franklin Collection Serv., Inc.,* 2012 WL 279448 (S.D. Fla. Jan 31, 2012) (cell number listed on phone/internet account); *Frausto v. IC System, Inc.,* 2011 WL 3704249, *1 (N.D. Ill. Aug. 22, 2011)(cell phone number given to eBay & PayPal); *Adamcik v. Credit Control Servs., Inc.,* 832 F.Supp.2d 744, 748 (W.D.Tex. 2011) (cell number on student loan application); *Greene v. DirecTV, Inc.,* 2010 WL 6428734 (N.D. Ill. Nov. 8, 2010) (cell number provided to fraud alert service); *Cunningham v. Credit Mgmt., L.P.,* 2010 WL 3791104, *5 (N.D. Tex. Aug 30, 2010) (cell number given to internet service provider); Moore v. CCB Credit Servs., Inc., 2013 WL 211048, *1 (E.D. Mo. Jan. 18, 2013) (cell number provided to gas company); *Chavez v. The Advantage Gp.,* 2013 WL 4011006 (D. Colo. August 5, 2013); *Hart vs Vital Recovery Serv.,* No. 12-cv-00123-MP-GRJ at 6. (N.D. Fla. 2013); *Ranwick v. Tex. Gila, LLC*, No. 13-cv-027920-RHK-SER (D. Minn. August 7, 2014); *Murphy v. DCI Biologicals Orlando, LLC,* 12-cv-01459-CEH-KRS (M.D. Fla. July 22, 2013); *Penn v. NRA Group, LLC,* 2014 WL 2986787 (D. Md.); *Hudson v. Sharp Healthcare,* 2014 WL 2892290 (S.D. Cal June 25, 2014); *Van Patten v. Vertical Fitness Group, LLC,* 2014 WL 2116602 (S.D. Cal. May 20, 2014); *Kenny v. Mercantile Adjustment Bureau, Inc.*, 2013 WL 1855782 (W.D.N.Y. May 1, 2013); *Pollack v. Bay Area Credit Serv.,* 2009

The courts further hold that calls placed by a third party collector on behalf of a creditor are treated as if the creditor itself placed the call. <u>Johnson</u>, 2012 WL 5875605, at *3 (noting the plaintiff gave cell number to Comcast upon application for service and Comcast gave cell number to defendant when account forwarded for collection) (<u>citing</u> <u>In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 23 F.C.C.R. 559, 565, **3, ¶ 10 (FCC 2008))); <u>Cunningham</u>, 2010 WL 3791104, at *5).

Congress explicitly found that the "[FCC] should have the flexibility to design different rules for those types of automated or prerecorded calls that it finds are not considered a nuisance to privacy, or for noncommercial calls, consistent with the free speech protections embodied in the First Amendment." <u>Id</u>. § 2(¶13). MSI, as the third-party, stepped into the shoes of the creditor, and its agents.  <u>Id</u>. at ¶10.  As held in <u>Mais</u>, the FCC's declaratory rulings on this subject bind the district court pursuant to the Hobbs Act, see 47 U.S.C. § 402.[2]  In other words, district courts lack the authority to disregard the FCC's orders, or reach a conclusion contrary to the 2008 Order. In *Leyse v. Clear Channel Broadcasting, Inc*., 697 F.3d 360 (6th Cir. 2012) the court held that "courts may not rewrite the language of a statute in [the] guise of interpreting it in order to further what they deem to be a better policy than the one Congress wrote into statute."  *Norelus v. Denny's, Inc*., 628 F.3d 1270, 1301 (11th Cir. 2010) "Our function is to apply statutes, to carry out the

---

WL 2475167 (S.D. Fla. August 13, 2009); *Willis v. Optimum Outcomes, Inc*.,  2014 U.S. Dist. LEXIS 7377; 2014 WL 220707 (N.D. Utah January 21, 2014).

[2] <u>See also</u> *Fausto v. I.C. Systems*, 2011 WL 3704249, (N.D. Illinois, E. Div. Aug. 31, 2011) *Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, (7th Cir. 2010); *Sacco v. Bank of Am., N.A*., 2012 WL 6566681, at 9 (W.D.N.C. Dec. 17, 2012); *Greene v. DirecTv, Inc.*, 2010 WL 4628734, at 3 (N.D. Ill. Nov. 8, 2010); *Hicks v. Client Servs., Inc.,* 2009 WL 2365637, at 4 (S.D. Fla. June 9, 2009) (Dimitrouleas, J.); *Leckler v. Cashcall, Inc.*, 2008 WL 5000528, at *2-*3 (N.D. Cal. Nov. 21, 2008); *Moore v. Firstsource Adv.*, LLC, 2011 WL 4345703, at *10 (W.D.N.Y. Sept. 15, 2011); *Moise v. Credit Control Services, Inc*., 2011 WL 10623106 (S.D. Fla. October 18, 2011) (Seitz, J.).

10

expression of the legislative will that is embodied in them, not to improve statutes by altering them." *Wright v Sec'y Dep't Corrs*., 278 F.3d 1245, 1255 (11th Cir. 2002)

When CMS provided TRG with Plaintiff's cellular telephone number during the placement of Plaintiff's accounts for a survey call, it also transferred Plaintiff's prior express consent to be called at his cellular telephone number for the purpose of assisting the medical billing and services provide by CMS.  Having provided these healthcare providers with his cellular telephone number and signed consent forms permitting the release of this information for these purposes, Plaintiff should have expected attempts to call him on that phone from CMS or its agents relating to those services.

To the extent Plaintiff may assert that other entities were involved in the communications, the Eleventh Circuit has recognized that the FCC provided additional guidance as to whether consent information can be conveyed through "intermediaries." In re GroupME, FCC at 14-33 (Mar. 27, 2014) recognized that intermediaries may convey prior express consent by stating:

> Although the ACA Order did not formally address the legal question of whether consent to be obtained and conveyed via an intermediary, that Order did make clear that consent to be called at a number in conjunction with a transaction extends to a wide range of calls "regarding" that transaction, even in at least some cases where the calls were made by a third party." Id. at 3 n. 10. ". . .we find it to be a reasonable extension of the reasoning of the ACA Order to interpret the TCPA to permit a text sender such as GroupMe to send auto dialed text messages based on the consent obtained and conveyed by an intermediary. . . ."

Id. at 4, n. 11

## CONCLUSION

For the foregoing reasons, the record supports undisputed issues of fact to grant Defendant's Motion for Summary Judgment in its entirety.

Dated this 14th day of July, 2017.

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **July 14, 2017** via the Court Clerk's CM/ECF system which will provide notice to the following: Stefan Coleman of Law Offices of Stefan Coleman, P.A. at law@stefancoleman.com; and Steven L. Woodrow, Esq. and Patrick H. Peluso, Esq. of Woodrow & Peluso, LLC at swoodrow@woodrowpeluso.com and ppeluso@woodrowpeluso.com *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 110108
kohlmyer@urbanthier.com
Urban Thier & Federer, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL  32801
Telephone: (407) 245-8352
Facsimile: (407) 245-8361
*Attorneys for Defendant,*
*Thoroughbred Research Group, Inc.*