## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

GREGG RICHARDSON, individually
and on behalf of all others similarly
situated

      Plaintiff,

v.                                                                    Case No:   2:16-cv-656-FtM-99CM

THOROUGHBRED RESEARCH
GROUP, INC.,

      Defendant.

_____

## ORDER

This matter comes before the Court upon review of the Joint Motion to Extend
Time to Complete Discovery (Doc. 28) filed on July 7, 2017.   On August 26, 2016,
Plaintiff filed a Class Action Complaint under the Telephone Consumer Protection
Act ("TCPA"), 47 U.S.C. § 227, et seq.   Doc. 1.   Defendant filed its Answer and
Affirmative Defenses on September 20, 2016.   Doc. 9.   On November 18, 2016, the
Court entered its Case Management and Scheduling Order ("CMSO"), setting forth
various case deadlines.   Doc. 22.   The parties now seek to extend the CMSO
deadlines by ninety days.   Doc. 28 at 2.

District courts have broad discretion when managing their cases in order to
ensure that cases move to a timely and orderly conclusion.   *Chrysler Int'l Corp. v.
Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).   Rule 16 requires a showing of good
cause for modification of a court's scheduling order.   Fed. R. Civ. P. 16(b)(4).   "Th[e]
good cause standard precludes modification unless the schedule cannot be met

despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted). The Court is aware of the procedural history of this case and the parties' difficulty in meeting their deadlines. *See e.g.*, Doc. 27.   Although the Court finds good cause to extend the current CMSO deadlines, the parties are reminded that they each have an obligation to prosecute and defend their respective claims and defenses. Therefore, the Court is not inclined to grant any further extensions absent extenuating circumstances.

In addition to the CMSO deadlines, the parties request to extend Plaintiff's deadline to file a motion for class certification to October 26, 2017.  Doc. 28 at 2. Middle District of Florida Local Rule 4.04(a) provides that "[w]ithin ninety (90) days following the filing of the initial complaint in such an action, unless the time is extended by the Court for cause shown, the named plaintiff or plaintiffs shall move for a determination under Rule 23(c)(1) as to whether the case is to be maintained as a class action."  M.D. Fla. R. 4.04(a).  Coupled with Local Rule 4.04(b)'s time requirement is also the procedural requirements of Rule 23, Federal Rules of Civil Procedure, which requires the Court "[a]t an early practicable time after a person sues or is sued as a class representative," to "determine by order whether to certify the action as a class action."  Fed. R. Civ. P. 23(c)(1)(A).  Here, Plaintiff's deadline to file a motion for class certification was November 24, 2016.   Doc. 1; M.D. Fla. R. 4.04(a).

On November 16, 2016, the Court held a preliminary pretrial conference.   Doc. 21.   During the preliminary pretrial conference, the parties requested that the Court extend Plaintiff's deadline to move for class certification to July 1, 2017, three weeks after their proposed discovery date.   The Court heard counsel's reasoning, but addressed its concerns that such a delayed deadline would impede the Court's ability to determine by order, at an early practicable time, whether to certify the action as a class action.   Accordingly, the Court, with the parties' agreement, set "end of March 2017" as the deadline for Plaintiff to move for class certification.[1]

In the present motion, the parties rightly point out that they requested a July 1, 2017 deadline during the preliminary pretrial conference, but do not acknowledge the Court's March 2017 deadline.   Doc. 28 at 2 n.1.   The parties state that they have been operating as if the class certification deadline was July 1, 2017.   *Id.*   In any event, the parties are correct that the CMSO does not list either a March 2017 or a July 1, 2017 deadline for a motion for class certification.   Even if the parties were correct in their assumption, they did not file the present motion until after the expiration of the July 1, 2017 deadline.   Thus, by either deadline, the present motion is untimely.

Rule 6, Federal Rules of Civil Procedure, requires a showing of excusable neglect when, as here, a party files a motion after the time for filing such motion has expired.   Fed. R. Civ. P. 6(b)(1)(B).   When evaluating whether a party has shown excusable neglect, the Court considers "'the danger of prejudice to the nonmovant,

---

[1] The undersigned listened to the digital recording from the November 16, 2016 deadline to confirm the exchange between the Court and the parties.

the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d. 996, 997-98 (11th Cir. 1997) (quoting *Pioneer Investment Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)).

Here, given the Defendant's consent to the request, the Court finds no prejudice to the nonmovant. The parties offer no reasons for their delay in filing the instant motion.[2] The Court, however, finds that a long extension of the deadline for filing a motion for class certification will impact the judicial proceedings. The parties request that the Court set October 26, 2017 as the new deadline for filing a motion for class certification, and November 5, 2017 as the new deadline for filing dispositive motions. Doc. 28 at 2. These deadlines are a mere ten days apart. "Rule 23 contemplates that the class certification decision will be made prior to the close of discovery." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000) (citing Fed.R.Civ.P. 23(c)(1)). Moreover, "[d]elays in filing a motion for class certification impede a court's ability to resolve the issues of class certification and may prejudice the rights of the putative class members." *Lopez v. Scott*, No. 215-cv-303-FtM-38-MRM, 2016 WL 3647792, at *2 (M.D. Fla. June 16, 2016), *report and recommendation adopted*, No. 215-cv-303-FtM-38MRM, 2016 WL 3570957 (M.D. Fla. July 1, 2016) (citing *Jones v. Hartford Ins. Co. of Midwest*,

---

[2] In fact, the present motion does not comply with Local Rule 3.01(a), which requires "a memorandum of legal authority in support of the request," in addition to the relief requested and the basis for the request. M.D. Fla. R. 3.01(a).

243 F.R.D. 694, 695 (N.D. Fla. 2006)).   Therefore, the Court will extend the current CMSO deadlines according to the parties' requests, but Plaintiff shall have up to and including August 21, 2017 to move for class certification.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Joint Motion to Extend Time to Complete Discovery (Doc. 28) is **GRANTED** in part.   The Court will enter an Amended Case Management and Scheduling Order under separate cover.

2.     Plaintiff shall have up to and including August 21, 2017 to file a motion for class certification.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of July, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record